UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

CORNELIUS LEMONT HINES,

    Petitioner,

        v.                        CAUSE NO. 3:21-CV-925-JD-MGG

WARDEN,

    Respondent.

## OPINION AND ORDER

Cornelius LeMont Hines, a prisoner without a lawyer, filed a habeas corpus petition challenging the disciplinary decision (MCF-20-11-245) at the Miami Correctional Facility in which a disciplinary hearing officer (DHO) found him guilty of fleeing/physical resistance in violation of Indiana Department of Correction Offense 235. Following a hearing, he was sanctioned with the loss of thirty days earned credit time. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

Hines argues that he is entitled to habeas relief because he had coronavirus and a shoulder sprain and lacked the physical strength or the mindset to flee or resist as charged.

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary.

> Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000). The conduct report, by itself, is sufficient to satisfy the "some evidence" standard. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) ("That report alone provides "some evidence" for the CAB's decision.").

The administrative record includes a conduct report in which a correctional officer represents that Hines refused to return to his cell until he spoke to a lieutenant. According to the conduct report, when the correctional officer tried to handcuff Hines, Hines resisted. ECF 1-1 at 13. According to the conduct report, the correctional officer ordered Hines to lay on the ground several times, but Hines stood up, and the correctional officer tased him. The administrative record includes a witness statement from another correctional officer describing Hines' stance as he stood up as "an aggressive boxer stance." *Id.* at 16. The administrative record also included a summary of a surveillance video recording that was consistent with the conduct report and the witness statement. *Id.* at 21. The conduct report, the witness statement, and video summary constitute some evidence that Hines physically resisted or attempted to flee. Even assuming that Hines was seriously ill or injured, he concedes that he moved his arm away when the correctional officer tried to handcuff him, stood up, and refused to comply with order as described in the conduct report. ECF 1 at 2-3. Therefore, the claim that the hearing officer did not have sufficient evidence is not a basis for habeas relief.

Hines argues that he is entitled to habeas relief because the hearing officer did not allow him to present medical records and witness statements to show that he had coronavirus and a shoulder sprain. "[T]he inmate facing disciplinary proceedings should be allowed to call witnesses and present documentary evidence." *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974). However, "[p]rison officials must have the necessary discretion to keep the hearing within reasonable limits and to refuse to call witnesses that may create a risk of reprisal or undermine authority, as well as to limit access to other inmates to collect statements or to compile other documentary evidence." *Id.* It is unclear why Hines believes that these medical records are relevant to the disciplinary charge. While Hines' medical conditions suggest that he had some physical limitations, these conditions do not suggest that Hines was entirely incapable of physically resisting correctional staff or attempting to flee, particularly given the surveillance video recording and Hines' admissions detailed above. Because the denial of medical records and witness statements amounted to no more than harmless error, this argument is not a basis for habeas relief.

Hines argues that he is entitled to habeas relief because he requested a continuance to collect evidence but did not receive notice that his disciplinary hearing had been continued every seven days as required by departmental policy. While the right to procedural due process affords prisoners certain enumerated rights for disciplinary proceedings, the right to be notified of the date of the hearing at particular intervals is not included among them. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *White v. Ind. Parole Bd.*, 266 F.3d 759, 768 (7th Cir. 2001) (warning against adding

additional due process protections beyond those provided by *Wolff*). Further, the failure to follow departmental policy alone does not rise to the level of a constitutional violation. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("state-law violations provide no basis for federal habeas relief"); *Keller v. Donahue*, 271 F. App'x 531, 532 (7th Cir. 2008) (finding that inmate's claim that prison failed to follow internal policies had "no bearing on his right to due process"). Therefore, this claim is not a basis for habeas relief.

In sum, Hines has not demonstrated that he is entitled to habeas relief, and the habeas petition is denied. If Hines wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the court:

(1) DENIES the habeas corpus petition (ECF 1);

(2) DIRECTS the clerk to enter judgment and close this case; and

(3) DENIES Cornelius LeMont Hines leave to proceed in forma pauperis on appeal.

SO ORDERED on December 13, 2021

/s/JON E. DEGUILIO
CHIEF JUDGE
UNITED STATES DISTRICT COURT